41633. FULTON NATIONAL BANK OF ATLANTA v. TRANSAMERICA INSURANCE COMPANY.

Submitted November 1, 1965—Decided December 3, 1965.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Thomas E. Joiner,* for appellant.

*Hansell, Post, Brandon & Dorsey, John A. Wallace,* for appellee.

Jordan, Judge. This is an appeal from the judgment of the trial court granting a summary judgment in favor of the defendant insurance company in an action brought by the plaintiff bank against the defendant because of its failure to compensate the plaintiff for certain losses allegedly insured against in a contract of insurance between the parties.

Briefly stated, the undisputed facts adduced on consideration of the motion disclosed that the losses which were the basis of this action arose in May of 1963, when an unknown person or persons presented to the plaintiff's tellers for cashing three checks in the total amount of $460; that these checks were cashed by the tellers because they assumed that certain initials placed on the checks were those of a bank official indicating that the cashing of the checks had been approved; that such initials had not been placed on the checks by the indicated bank official and the checks had not been approved by him; and that subsequently these checks were returned to the plaintiff by the drawee bank for the reason that there were no accounts, present

or past, with the drawee bank in the names of the purported makers of such checks.

The plaintiff contended that these losses were effected by false pretenses and were covered under Insuring Clause B of the policy which insured against, "Any loss of Property through robbery, burglary, common law or statutory larceny, theft, false pretenses, hold-up, misplacement, mysterious unexplainable disappearance, damage thereto or destruction thereof, whether effected with or without violence or with or without negligence on the part of any of the Employees, and any loss of subscription, conversion, redemption or deposit privileges through the misplacement or loss of Property, while the Property is (or is supposed to be) lodged or deposited within any offices or premises located anywhere, except in an office hereinafter excluded or in the mail or with a carrier for hire, other than an armored motor vehicle company, for the purpose of transportation."

The defendant contended, however, that these losses arose out of forgery and thus came within the terms of an exclusion clause which provided as follows: "This Bond Does Not Cover: (a) Any loss effected directly or indirectly by means of forgery, except when covered by Insuring Clause (A), (D), (E), (F) or (G)." Insuring Clause D to which the exclusion did not apply expressly provided coverage for loss arising out of the forgery of checks and other instruments but was not applicable here because of a rider to the policy which limited the insurer's liability under that clause to losses in excess of $1,000.

It is our opinion that a finding was demanded under the record before the court on motion for summary judgment that the losses sued upon were "effected directly or indirectly by means of forgery" and thus came within the clear and unambiguous terms of the exclusion clause. In *Mobley v. State,* 101 Ga. App. 317 (113 SE2d 654), this court held that the signing of a fictitious name to a check as the maker thereof by one who falsely makes and alters such check with the intent to defraud constituted a forgery and that evidence that the purported maker of the check had no account with the drawee bank prima facie established that the purported maker of the check was nonexistent or fictitious. The facts adduced in support of the

motion for summary judgment clearly established a prima facie case of forgery under this decision and in the absence of rebuttal evidence by the plaintiff insured sufficient to show the existence of a genuine issue of fact, the trial court did not err in entering summary judgment for the defendant.

The contention of the plaintiff that the *Mobley* case, supra, is in conflict with older decisions of this court and of the Supreme Court is without merit. This court in the *Mobley* case recognized the fact that there was some confusion in prior cases as to whether the signing of a fictitious name to a check could constitute the crime of forgery, and answered such question in the affirmative only after thorough consideration and reconciliation of these cases.

There is likewise no merit in the contention of the plaintiff that, even if the making of a check in the name of a fictitious person constitutes forgery under Georgia law, the losses sued upon are covered under the policy since such act also amounts to false pretenses, and the language of the exclusion clause is insufficient to eliminate from coverage a loss resulting from an act which constitutes both forgery and false pretenses. The exclusion clause unquestionably applied to Insuring Clause B of the policy in which losses effected by false pretenses were covered, and the language of the exclusion clause was clearly sufficient to exclude from the coverage afforded by Insuring Clause B, those losses which were otherwise covered therein, if they arose "directly or indirectly" from forgery notwithstanding the fact that the element of false pretenses was also involved. This is made abundantly clear by the fact that Insuring Clause D to which the exclusion clause did not apply expressly covered losses arising out of forgery. The losses sued upon here would have been covered by this clause if it had not been for the rider limiting the defendant's liability under Insuring Clause D to those losses in excess of $1,000.

A finding was demanded that the losses sued upon were excluded from coverage, and the trial court did not err in granting the defendant's motion for summary judgment for any reasons enumerated.

*Judgment affirmed. Felton, C. J., and Deen, J., concur.*